UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RICHARD DUBUISSON | CIVIL ACTION |
| VERSUS | NO. 16-3640 |
| A.I.S., INC. OF MASSACHUSETTS | SECTION "N" (3) |

## ORDER AND REASONS

Presently before the Court is the motion for summary judgment (Rec. Doc. 14) filed by Defendant A.I.S., Inc. of Massachusetts ("A.I.S.") relative to Plaintiff Richard Dubuisson's Jones Act negligence and unseaworthiness claims. Acknowledging that A.I.S. neither owned nor operated the vessel upon which his injury occurred, Plaintiff concedes, in responding to Defendant's motion, that he lacks a viable unseaworthiness claim against his employer. *See* Rec. Doc. 16, p. 1, n.1. Accordingly, that aspect of Defendant's motion is granted as unopposed.

Having carefully considered the parties' competing submissions and applicable law, the Court finds, for essentially the reasons stated in Defendant's supporting memoranda (Rec. Docs. 14-1 and 24), that Plaintiff's Jones Act negligence claim likewise should be dismissed. In short, even if Plaintiff is found to enjoy Jones Act seaman status,[1] he fails to point to evidence sufficient to support the existence of a triable issue with respect to whether A.I.S. had any reason to believe that Captain Tolbert would not provide Plaintiff and his co-workers with a safe place to work aboard the vessel owned and operated by him.

---

[1] Defendant contests that status by separate motion (Rec. Doc. 15).

As an initial matter, Plaintiff does not contest A.I.S.'s assertion that it was Industrial Economics, Inc. ("IEc"), not A.I.S., that hired Captain Tolbert to provide vessel transportation for the A.I.S. biologists/oyster samplers.  *See* Rec. Doc. 14-1, p. 2;  Rec. Doc. 14-6, ¶¶ 6-7;  Rec. Doc. 14-5, p. 4 of 9 - p. 5 of 9.  And, in any event, Plaintiff points to no criticism of Captain Tolbert's services other than his own.[2] Nor, significantly, does Plaintiff demonstrate that any complaints regarding Captain Tolbert's services were made to pertinent A.I.S. and/or IEc personnel.  As such, the Court finds no evidentiary basis for submitting the question of A.I.S's alleged negligence to a jury for determination.

Given the foregoing, **IT IS ORDERED** that Defendant's motion for summary judgment relative to Plaintiff's Jones Act negligence and unseaworthiness claims (Rec. Doc. 14) is **GRANTED**.  Accordingly, on the evidentiary showing made, **IT IS FURTHER ORDERED** that Plaintiff's Jones Act negligence and unseaworthiness claims against A.I.S. be and hereby are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 10th day of May 2017.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　**KURT D. ENGELHARDT**
　　　　　　　　　　　　　　　　　　**United States District Judge**

**Clerk to Copy:**

Magistrate Judge Knowles

---

[2] Plaintiff contends Captain Tolbert had "frequent problems with keeping the boat in position while in a sampling location, and improper cell phone usage while operating a vessel." *See* Rec. Doc. 16, p. 3.